UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELANIE BLOW,

                              Plaintiff,

v.                                                    Civil Action No. _____

FRONTLINE ASSET STRATEGIES, LLC,

                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Melanie Blow, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Frontier Asset Strategies, LLC, is a foreign limited liability company organized and existing under the laws of the State of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff's husband incurred a debt to Bank of America. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff's husband thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Bank of America to collect on the subject debt.

13. That in or about March of 2012, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That in or about March of 2012, Defendant began calling Plaintiff's place of employment multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

15. That during these afore-mentioned calls to Plaintiff's Place of employment, Defendant disclosed that they were attempting to collect a debt from the Plaintiff.

16. That during one specific call to Plaintiff's employer, the Defendant swore at Plaintiff's co-worker during one of these calls upon being informed that the Plaintiff was not available to take Defendant's phone call.

17. That Plaintiff instructed Defendant not call her place of employment, but despite Plaintiff's requests, Defendant continued to call her place of employment.

18. That Defendant stated to Plaintiff that she should take out a home equity loan or else they would put a lien on her house and that a "lien is just a phone call away". Defendant also stated that they would seize her bank account.

19. That despite Defendant's statements, they had not been authorized by Bank of America to pursue legal action against Plaintiff, and did not intend to do so.

20. Due to the Defendant's above-mentioned threats Plaintiff was scared and proceed to provide the Defendant with a payment from her debit card.

21. That immediately after making the payment, Plaintiff was afraid that the Defendant was going to be able to seize her funds from her financial institution. Plaintiff proceeded to switch all her funds out of her current account in order to prevent the Defendant from gaining access to her monies.

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 18.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating they will put a lien on Plaintiff's house and that they would seize her bank account.

    D. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's co-workers.

    E. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by continuing to call the Plaintiff at her Place of employment dispute being instructed to cease such calls to the Plaintiff.

    F. Defendant violated Defendant violated 15 U.S.C. §1692e(11) by failing to provide the required mini-Miranda disclosure to the Plaintiff when attempting to collect on the subject debt.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

3

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 2, 2012

/s/ Seth J. Andrews_____
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
          sandrews@kennethhiller.com